961 So.2d 1141 (2007)
Kemar WOLLISTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4528.
District Court of Appeal of Florida, Fourth District.
August 15, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of trafficking in cocaine and argues that his Miranda rights were violated when he was questioned by the police in his home. Although there was a Miranda violation, we conclude that the error was harmless and affirm.
At the hearing on the motion to suppress evidence, Officer Stewart testified that he and others were dispatched to an address after the police had received information that a woman had been battered *1142 there. Appellant and another man opened the door and let the officers in. Officer Forteza then told appellant that a female had called the police claiming she had been battered. Appellant responded that he had broken up with his girlfriend and she had come to pick up her things. When Officer Forteza asked if they could search the premises to determine if the victim was there, both men consented.
While conducting the search, Officer Stewart saw multiple bags of a powdered substance which appeared to be cocaine and paraphernalia in one of the bedrooms. He had also observed a bowl in the bedroom with a substance in it. The officer then asked appellant what the substance was, and appellant responded that it was cocaine. At that point, which is when appellant argues he should have been given Miranda rights, the officer asked appellant whose bedroom the cocaine was in, and appellant responded that it was his bedroom. Officer Stewart testified that appellant was not free to leave after Officer Stewart first observed cocaine, which was before he asked the appellant what was in the bowl and who used the bedroom.
In Ramirez v. State, 739 So.2d 568 (Fla.1999), the court set forth the four part test for determining if a defendant is in custody: 1) the manner in which police summon the suspect for questioning, 2) the purpose, place, and manner of the interrogation, 3) the extent to which the suspect is confronted with evidence of his or her guilt, and 4) whether the suspect is informed that he or she is free to leave the place of questioning. Ramirez further explains that a person is in custody for purposes of Miranda if a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest.
The state argues that, because appellant was in his own home, he was not in custody when he answered the question about who lived in the bedroom. Appellant, however, had already been confronted with the presence of cocaine and had not been informed that he was free to leave. We conclude that he should have been given his Miranda rights before being questioned about control of the bedroom.
Although the state has not argued that the failure to give the Miranda warning was harmless, our independent review for harmlessness, which we are required to do under section 924.33, Florida Statutes, reveals evidence that the bedroom contained two credit cards and a social security card in appellant's name. In addition, appellant made a full confession at the police station, after having been given Miranda warnings. A second confession can make the failure to give an earlier Miranda warning harmless; Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); Davis v. State, 859 So.2d 465 (Fla.2003). We conclude that the identification found in the bedroom, and the second confession, which was properly admitted in evidence, make the earlier Miranda violation harmless.
Affirmed.
WARNER and HAZOURI, JJ., concur.